IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ZEARNEST WILLIAMS                                          PLAINTIFF

VS.                                  CIVIL ACTION NO. 3:12cv311DPJ-FKB

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY                                     DEFENDANT

## **REPORT AND RECOMMENDATION**

Zearnest Williams brought this action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration. Having considered the memoranda of the parties and the administrative record, the undersigned recommends that this matter be remanded to the Commissioner.

Williams protectively filed his current application for a period of disability and disability insurance benefits on September 25, 2009. His application was denied initially and on reconsideration, and he requested and was granted a hearing before an administrative law judge (ALJ). On December 28, 2010, the ALJ issued a decision finding that Plaintiff was not disabled during the relevant time period, June 18, 2009, through December 31, 2009.[1] The Appeals Council denied review, thereby making the

---

[1] Williams previously filed for disability benefits, as well as Supplemental Security Income, on August 30, 2006. Those applications were denied. After a hearing, an ALJ issued an unfavorable decision, finding that Williams was not disabled through June 17, 2009. Williams' insured status expired on December 31, 2009. Thus, the current application concerns the period from June 18, 2009 through December 31, 2009.

decision of the ALJ the final decision of the Commissioner.  Williams then brought this appeal pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Williams was born on September 14, 1958, and was 52 years of age at the time of the ALJ's decision.  He has a high school education and past relevant work experience as a truck driver, department manager, carpenter, and maintenance worker.  In December of 2004, Williams was involved in a motor vehicle accident in which the arm of a wrecker came through the windshield of his truck, missing him by only a few inches.  The medical record indicates that shortly thereafter, he began experiencing symptoms of flashbacks, nightmares, difficulty sleeping, anxiety attacks, and a fear of driving.  In January of 2005, he began seeing a psychiatrist, Dr. Krishan Gupta, for treatment.  Dr. Gupta's initial diagnosis was acute stress disorder, depressive disorder, NOS, and adjustment disorder. Dr. Gupta provided regular treatment to Williams through May of 2007.  Progress notes during this period indicate regular and continuing complaints of nightmares, anxiety attacks, difficulty sleeping, memory problems, and depression.  Medications prescribed by Dr. Gupta included Effexor, Ambien, Trazadone, Klonopin, and Lexapro.

In February of 2006, Williams was admitted to Brentwood Behavioral Healthcare for ten days after experiencing decreased functioning.  His medications were adjusted, with Geodon being added.  After discharge, Williams experienced improvement with some of his symptoms but continued to report frequent anxiety attacks, nightmares, and depression, as well as some confusion and at least one episode of suicidal ideation.  The last progress note from Dr. Gupta is dated May 16, 2007; other portions of the record

indicate that Williams ended his visits to Dr. Gupta because he could no longer afford them or his medications.

A consultative psychological examination was performed by Randy Burke, Ph.D., on February 23, 2009. Williams reported nightly nightmares that interfered with sleep, difficulties with anger, social isolation, depression, low energy, limited motivation, decreased appetite, and difficulty with attention, concentration, and memory. Williams told Dr. Burke that he had difficulty completing tasks and did not drive. Upon examination, Dr. Burke noted that mood was depressed, eye contact was minimal, and sensorium and cognition were average. Judgment and insight were good. Williams was able to repeat only one of three words and on a second trial, could repeat only two. He could repeat four digits forward and three backward. He was unable to give the opposite of hard and to perform serial seven subtraction. After a six-minute delay, he could not recall any words presented to him. Dr. Burke's diagnosis was PTSD and major depressive disorder, single episode with psychotic features.

In October of 2009, Williams resumed psychiatric treatment, this time with Dr. Akif Khawaja. Dr. Khawaja's notes of October 8, 2009, indicate that in addition to his other symptoms, Williams was experiencing auditory and visual hallucinations. Dr. Khawaja's diagnosis was major depressive disorder, severe, and PTSD, chronic. He noted that Williams had not been on medications for approximately one year, and he placed him back on Effexor, Klonopin, Geodon, Trazadone, and Ambien. By November 5, 2009, Williams's mood was calmer, affect was brighter, and sleep had improved. However, he was continuing to report hallucinations. Dr. Khawaja's assessment was major depressive

disorder and PTSD, improving. Subsequent progress notes, which continue through September 2010, indicate that while Williams at times experienced improvement with some symptoms, overall he continued to suffer from anxiety, depression, suicidal thoughts, and hallucinations. Dr. Khawaja's notes of a February 2010 office visit indicate that Williams reported paranoia along with his other symptoms, resulting in an increase in his dosage of Geodon.

A comprehensive mental status examination was performed by Stella Brown, Ph.D., in December of 2009. Dr. Brown stated that Williams's attention and concentration were within normal limits, and immediate and remote memory were intact. Recent memory was poor. Williams knew what to do with an undelivered envelope found on the street but could not generate the reasons why many foods are cooked. He would not attempt to interpret two proverbs. In Dr. Brown's opinion, Williams seemed to be preoccupied with the 2004 motor vehicle accident. She stated that Williams appeared to be a rather intelligent man who seemed able to learn and perform simple routine repetitive tasks under supervision in the workplace and who would benefit psychologically from employment. She also stated, however, that he has a poor ability to take care of his own needs. Dr. Brown opined that unless different psychological interventions are implemented, there is little reason to believe that his function will significantly improve, as medications will not resolve all of his problems. She stated that his problems seem to be best identified as panic disorder with agoraphobia and chronic mild depression, rather than PTSD.

In November of 2010, Dr. Khawaja completed a mental impairment questionnaire in which he gave Williams's diagnosis as major depression, severe, with psychosis, and PTSD. Dr. Khawaja opined that Williams has a marked restriction of the activities of daily living, extreme difficulties in maintaining social functioning, marked deficiencies of concentration, persistence or pace, and that he has experienced four or more episodes of decompensation. He rated as poor to none Williams's ability to remember work-like procedures, work in coordination with or proximity to others without being unduly distracted, complete a normal workday and workweek without interruptions from psychologically-based symptoms, accept instructions and respond appropriately to criticism from supervisors, respond appropriately to changes in a routine work setting, and deal with normal work stress. Dr. Khawaja opined that Williams has a marked impairment in his ability to understand, remember and carry out very short and simple instructions, maintain attention for two-hour segments, sustain an ordinary routine without special supervision, make simple work-related decisions, and get along with co-workers and peers without unduly distracting them or exhibiting behavioral extremes.

At the hearing, Plaintiff testified that he lives with his wife and stays at home alone during the day while she works. He thinks about the accident often and experiences frequent nightmares in which he screams and shouts, causing his wife to have to awaken him. He also described anxiety attacks, sleeping difficulties, memory problems, and visual hallucinations.

In his decision, the ALJ found that during the relevant time period, Williams had the medically-determinable impairments of major depressive disorder with anxiety, diabetes,

and a history of shoulder injury, but that none of these was severe. Thus, the ALJ made a finding of non-disability at step two of the sequential process.[2]

The ALJ's finding that Williams does not suffer from a severe mental impairment cannot be reconciled with the medical record. In making his findings, the ALJ relied upon Dr. Khawaja's progress notes of October 8, 2009, and November 5, 2009, noting that Dr. Khawaja reported that Williams was compliant with medications, that sleep and appetite had improved, that his affect was brighter, that he denied being suicidal, and that he reported feeling better. The ALJ failed to discuss the fact that these notes also indicate that during this period, Williams continued to experience nightmares, panic attacks, and

---

[2]In evaluating a disability claim, the ALJ is to engage in a five-step sequential process, making the following determinations:

(1) whether the claimant is presently engaging in substantial gainful activity (if so, a finding of "not disabled" is made);

(2) whether the claimant has a severe impairment (if not, a finding of "not disabled" is made);

(3) whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Part 404, Subpart P, Appendix 1 (if so, then the claimant is found to be disabled);

(4) whether the impairment prevents the claimant from doing past relevant work (if not, the claimant is found to be not disabled); and

(5) whether the impairment prevents the claimant from performing any other substantial gainful activity (if so, the claimant is found to be disabled).

*See* 20 C.F.R. §§ 404.1520 and 416.920. The analysis ends at the point at which a finding of disability or non-disability is required. The burden to prove disability rests upon the claimant throughout the first four steps; if the claimant is successful in sustaining her burden through step four, the burden then shifts to the Commissioner at step five. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

both auditory and visual hallucinations. The ALJ then apparently used this mischaracterization of Dr. Khawaja's notes to conclude that Dr. Khawaja's opinions concerning Williams's limitations were entitled to little weight because they were not supported by his own records. The ALJ's characterization of the opinion of Dr. Brown is similarly inconsistent with Dr. Brown's report: The ALJ fails to mention or consider Dr. Brown's findings concerning Williams's difficulties in functioning.

In this circuit, the standard for severity of an impairment is low. An impairment can be considered as non-severe "only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). The medical record reveals a consistent history of significant mental illness that continued unabated through December 31, 2009; nowhere is there substantial evidence to support a finding that Williams' mental impairments were non-severe during the relevant time period. For this reason, the undersigned recommends that Defendant's motion to affirm be denied and that this matter be remanded to the Commissioner for consideration of Williams' claims through the remainder of the sequential process.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual

findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 29th day of July, 2013.

            <u>/s/ F. Keith Ball</u>
            UNITED STATES MAGISTRATE JUDGE